Filed 3/21/23  Kobler v. Mark CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AMANDA KOBLER,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY W.T. MARK et al.,<br><br>    Defendants and Appellants. | A166038<br><br>(Alameda County Super. Ct.<br>No. RG21100707) |

**MEMORANDUM OPINION**[1]

**I.**

In an effort to enforce a settlement agreement, appellants Jeffrey W.T. Mark and Li Wen Bu obtained a judgment in Alameda County Superior Court No. RG16829323 against respondent Amanda Kobler and initiated proceedings in Sint Maarten to enforce the judgment by foreclosing on a home owned there by respondent.

Respondent then filed Alameda County Superior Court No. RG21100707, the action that gives rise to this appeal, seeking to attack the judgment against her in No. RG16829323 as void.  She alleged that she was never served with the complaint in No. RG16829323, appellants' showing

_____

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

1

on that issue was fraudulent, and thus the court lacked personal jurisdiction over her.

The trial court in No. RG21100707 granted a preliminary injunction enjoining appellants from further pursuing the Sint Maarten foreclosure proceedings.  Emphasizing that its determination was preliminary, the trial court found that respondent made a plausible showing that she would prevail in No. RG21100707, and that the balance of harms tipped in her favor.

This timely appeal followed.

## II.

"The decision whether to issue a preliminary injunction lies in the sound discretion of the trial court, which we do not disturb absent an abuse of discretion.  [Citations.]  On appeal we do not weigh conflicting evidence, but defer to the trial court's factual findings if they are supported by substantial evidence.  [Citation.]  To the extent the trial court's ruling rests on a legal issue, we review it de novo.  [Citation.]  The burden is on the party challenging the injunction to make a clear showing the trial court abused its discretion." (*People v. Uber Technologies, Inc.* (2020) 56 Cal.App.5th 266, 283.)

"In general, when considering a request for a preliminary injunction, the trial court weighs two interrelated factors.  The first is the likelihood the party seeking relief will prevail on the merits, and the second is the relative interim harm to the parties if the preliminary injunction is granted or denied.  [Citations.]  The goal is to minimize the harm that an erroneous interim decision would cause." (*People v. Uber Technologies, Inc.*, *supra*, 56 Cal.App.5th at p. 283.)

Appellants argue reversible error on three grounds:  (1) respondent failed to show a plausible likelihood of success and the balance of interim

2

harms favored appellants, (2) even assuming respondent's allegations of fraudulent service in No. RG16829323 are true, she failed to demonstrate that she has a defense on the merits because she signed a settlement agreement in which she agreed that judgment could be taken against her if she defaulted, which she indisputably did, and (3) respondent consented to jurisdiction in No. RG16829323 by entering into a settlement agreement in which she agreed that, in the event of a default, a stipulated judgment could be taken against her under Code of Civil Procedure section 664.6 and that the Alameda County Superior Court would have continuing jurisdiction in any such enforcement action.

We see no error and will affirm.

First, although appellants wish to reargue the facts here on appeal, respondent made a factual showing that she was not served with the complaint in No. RG16829323, and that, based on the circumstances set forth on the process server's affidavit, it was objectively impossible for her to have been served. The trial court made no finding on this issue one way or another. It simply observed that respondent had produced enough evidence to demonstrate she has a plausible chance of proving she was sued without notice, an allegation which, if true, would entitle her to relief on her first cause of action seeking to set aside the judgment in No. RG16829323.

Applying the sliding scale analysis that governs preliminary injunctive relief, the trial court noted that the gravity of the potential harm to respondent from allowing execution to proceed—loss of her home in Sint Maarten—was enough to warrant interim relief. The dispositive consideration was that, in the court's estimation, the balance of interim harms favored respondent. Appellants point to a declaration they filed from a Sint Maarten attorney, who opined as to local procedural law governing

3

judgment execution in that venue. According to appellants, any delay in their ability to execute on their judgment will mean that other creditors of respondent may be able to interpose competing liens, to appellants' disadvantage. That was a matter for the court to assess. We decline to second-guess the court's assessment of likelihood of success and relative harms.

Second, respondent made a showing that she had a defense on the merits. The first cause of action she pleaded in No. RG21100707 was essentially a collateral attack on the judgment in No. RG16829323 for lack of service. The court's assessment of whether she made a sufficient showing to show likelihood of success—it found she did—met this requirement. Appellants appear to want to argue about the merits of whether they were entitled to take a judgment against respondent in No. RG16829323, which is a related but different matter. They argue at length that respondent owed a certain settlement payment by a certain date and defaulted, which they claim respondent has never denied and cannot deny. But those facts are not material to respondent's collateral attack on the judgment in No. RG16829323. Her collateral attack is procedural in nature; she pleaded the necessary procedural facts and made a sufficient preliminary showing to support them. Whether she can prevail at trial is another matter.

Third, appellants conflate consent to jurisdiction with waiver of notice. Even if appellants were correct that, in signing a settlement agreement with a clause acknowledging the continuing jurisdiction of the Alameda County Superior Court in No. RG16829323, that does not mean respondent agreed to be sued without notice. The purpose of a summons is to provide notice to the person sued of the need to appear in the action, generally or specially. Here,

4

respondent alleges she received no summons and hence no notice of the suit against her.

Had respondent received notice, made a special appearance, and tried to contest the court's personal jurisdiction, her argument may well have failed in the face of a factual showing from appellants that she consented to jurisdiction in the settlement agreement. But that is different from the issue of notice, a due process requirement that is implicated when no service is made at all. It would be an extraordinary claim indeed—one that, so far as we can discern, has not been made here—if appellants claimed that respondent agreed to be sued without notice. To the extent appellants claim that in the settlement agreement respondent not only waived notice of suit but made a prospective general appearance in an action that had not been filed yet, we disagree.

## DISPOSITION

Affirmed. Costs on appeal will be awarded to respondent.

STREETER, J.

WE CONCUR:

BROWN, Acting P. J.
GOLDMAN, J.

5